IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

PRUDENTIAL SECURITIES INCORPORATED       PLAINTIFFS
and JOHN STRANGFELD

v.      No. 4-02-CV-00619 WRW

CHETTY MAMANDUR and
UMA SUNKU MAMANDUR      DEFENDANTS

## VERIFIED COMPLAINT
(For Injunctive and Declaratory Relief)

assigned to District Judge Wilson
and Magistrate Judge Cavaneau

Plaintiffs Prudential Securities Incorporated ("Prudential Securities") and John Strangfeld ("Strangfeld") (collectively referred to hereinafter as "Plaintiffs"), through their undersigned counsel, allege as follows:

### NATURE OF ACTION

1. This is an action for declaratory relief in a case of actual controversy within the jurisdiction of this Court pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, and for a temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P. 65; and a permanent injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, enjoining the Defendants, Chetty Mamandur and Uma Sunku Mamandur, from proceeding with the arbitration they filed against Plaintiffs on June 8, 2002, NASD No. 02-03414 ("the Second Arbitration").

### JURISDICTION

2. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000, and under 28 U.S.C. § 1651.



## VENUE

3. Venue properly lies in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the causes of action occurred in this district, and the rulings upon which the claims of *res judicata* and collateral estoppel are based were rendered in this district.

## PARTIES

4. Plaintiff Prudential Securities is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Seaport Plaza, New York, New York.

5. Plaintiff Strangfeld is an individual and is a resident of the state of New York. Strangfeld is the Chief Executive Officer of Prudential.

6. Defendants are individuals and are residents of the State of Arkansas.

## FACTS

7. In December 1999, Defendants opened an investment brokerage account with Prudential (the "Investment Account").

8. Beginning in March 2000 and continuing through October 2000, Defendants suffered trading losses as a result of their own investment decisions relating to various option transactions initiated by Defendants through the Investment Account.

9. Plaintiff Strangfeld was not the CEO of Prudential Securities at the times relevant to these transactions nor was he in any way involved in any of the transactions pursuant to which Defendants sustained trading losses. In fact, Plaintiff Strangfeld did not become affiliated with Prudential Securities in any capacity until October 2000.

10. On or about December 12, 2000, Defendants commenced an arbitration with the National Association of Securities Dealers ("NASD") against Prudential Securities and Mr. Jimmy Earl Power, the Prudential Securities financial advisor assigned to the Investment Account in an effort to recover those trading losses from Prudential Securities (the "First Arbitration"). In their Statement of Claim, Defendants alleged that Prudential Securities improperly liquidated the Investment Account to meet margin calls, resulting in a loss and ultimately, an unsecured debit. In the First Arbitration, Plaintiffs sought to recover all losses sustained by them in connection with the transactions occurring in and through the Investment Account for period of March 2000 through October 26, 2000, including lost deposits and profits totaling $296,800.00. A true and correct copy of Defendants' Statement of Claim in the First Arbitration is attached hereto as Exhibit 1 and is incorporated herein by reference.

11. Plaintiff Prudential Securities and Defendants each signed submission agreements in which they agreed in writing to submit the First Arbitration to binding arbitration in accordance with the NASD Arbitration Rules.

12. Plaintiff Prudential Securities answered Defendants' Statement of Claim in the First Arbitration by denying the allegations and asserting a counterclaim for the debit balance of approximately $33,000.00 owed by Plaintiffs to Prudential Securities.

13. Prior to the arbitration hearing, Defendants' counsel, the Rose Law Firm of Little Rock, Arkansas, provided to Prudential Securities a slide presentation which had been prepared for use by Defendants at the arbitration hearing. Several of the slides sought to establish that Prudential's margin practices with respect to the Investment Account violated New York Stock Exchange Margin Requirements under Regulation T ("Reg T"). One of the slides specifically related to alleged Reg T violations in connection with certain puts on April 22, 2000 ("April 22

Puts"). True and correct copies of the relevant portions of Defendants' counsel's slide presentation are attached hereto as Collective Exhibit 2 and are incorporated herein by reference.

14. Hearings in the First Arbitration were conducted in Little Rock, Arkansas on April 9 and 10, 2002 before a panel of three arbitrators pursuant to the NASD rules. On May 16, 2002, the Panel, in a unanimous decision, found in favor of Prudential Securities, dismissing Defendants' claims with prejudice, and awarding Prudential $32,899.03 (the "Award"). A true and correct copy of the Award entered in the First Arbitration is attached hereto as Exhibit 3 and is incorporated herein by reference.

15. On May 23, 2002, Defendants sent a letter to Strangfeld attempting to avoid their obligation to Prudential Securities by demanding an investigation and mediation of the alleged Reg T violations, a week after the panel had dismissed those claims with prejudice pursuant to the Award rendered in the First Arbitration. A true and correct copy of the Defendants' May 23, 2002 correspondence is attached hereto as Exhibit 4 and is incorporated herein by reference. In their May 23, 2002 correspondence, Defendants state that they were aware of the alleged Reg T violation prior to the hearing in the First Arbitration, and that they wanted to present evidence on this specific issue at the hearing but their attorneys, the Rose Law Firm, declined to do so under the belief that it did not comport with their strategy for the arbitration hearing.

16. On or about June 8, 2002, Defendants commenced the Second Arbitration with the NASD against Plaintiffs. In their Statement of Claim, Defendants make factual allegations materially identical to those contained in their Statement of Claim in the First Arbitration with the only difference being that whereas Defendants' claims in the First Arbitration encompassed all activities and transactions occurring in the Investment Account, their Statement of Claim in the Second Arbitration is focused more specifically on the April 22, Puts and alleged violations

of Reg T. A true and correct copy of Defendants' Statement of Claim in the Second Arbitration is attached hereto as Exhibit 5 and is incorporated herein by reference.

17. The Second Arbitration is barred by the doctrines of *res judicata* and collateral estoppel and has been filed by Defendants simply as a means to harass Plaintiffs.

18. Defendants filed the Second Arbitration in an improper attempt to procure an *in terrorem* settlement from Prudential Securities through harassment and annoyance of Prudential Securities and its CEO, Strangfeld.

19. Although the Defendants have named Strangfeld as a party to the Second Arbitration they have stated no claim directly against him. In fact, the only allegation made by Defendants with respect to Strangfeld is that he rejected their May 23, 2002 demand for an investigation and mediation of claims already resolved in the First Arbitration.

20. Defendants' malicious motives with respect to their pursuit of the Second Arbitration are further evidenced by their recent service of overly broad, abusive and harassing discovery requests upon Plaintiff Strangfeld pursuant to which Defendants are seeking to compel the disclosure of compensation information, personnel files and other confidential information relating to Plaintiff Strangfeld. Such information is irrelevant to the issues in the First and Second Arbitrations and is being sought by Defendants for the sole purpose of harassment or annoyance.

21. On or about July 26, 2002, Defendants commenced a proceeding in this Court to vacate the Award in the First Arbitration, which proceeding was assigned case number 4-02-CV-00455(WRW) (the "Confirmation Proceeding"). Prudential Securities responded to the motion with the August 17, 2002 filing of its Response in Opposition to Motion to Vacate and Cross Motion and Application to Confirm Award. The Court has not yet ruled upon Defendants'

motion or Prudential Securities' cross-motion and the Confirmation Proceeding remains pending as of the filing of this Complaint.

22. Absent judicial intervention in the form of the injunctive and declaratory relief sought herein, Plaintiffs will be forced to (i) respond to two separate proceedings involving materially identical claims in two separate forums, (ii) relitigate issues already resolved in the First Arbitration, and (iii) risk disclosure of irrelevant material that is highly confidential and personal.

## COUNT ONE – TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

23. Plaintiffs incorporate by reference the allegations of paragraphs one through twenty-two (22) as if set forth in their entirety herein.

24. The issues and claims asserted by Plaintiffs in the Second Arbitration are materially identical to and arise out of the same transactions or series of transactions as the claims asserted by Plaintiffs in the First Arbitration.

25. The Award entered in favor of Prudential Securities in the First Arbitration is currently under review by this Court pursuant to the Confirmation Proceeding initiated by Plaintiffs. The Confirmation Proceeding, which has not yet been concluded, constitutes a prior pending action between the parties. Plaintiffs are not permitted to simultaneously pursue materially identical claims in duplicative proceedings in two different forums.

26. Defendants have initiated the Second Arbitration in an improper attempt to re-litigate issues and claims barred by *res judicata* and collateral estoppel pursuant to the Award. The Second Arbitration constitutes a blatant and improper attempt by Defendants at a second bite of the apple with respect to claims encompassed within the First Arbitration but which

apparently were not, in Plaintiffs' opinion, sufficiently highlighted by their counsel, the Rose Law Firm, at the arbitration hearing.

27. The Second Arbitration has been initiated by Defendants for the sole and improper purpose of harassing Prudential Securities and Strangfeld.

28. Plaintiffs request that the Court enter a preliminary injunction prohibiting Defendants from proceeding with the Second Arbitration until such time as the Confirmation Proceeding has been concluded and this Court has determined whether the claims asserted in the Second Arbitration are barred by *res judicata* or collateral estoppel. In the interim period between the filing of this Complaint and the hearing on Plaintiffs' application for a preliminary injunction, Plaintiffs request the issuance of a temporary restraining order prohibiting Defendants from proceeding with the Second Arbitration. The requirements of formal service of the Complaint upon Defendants and the ongoing status of the Second Arbitration constitute a justifiable basis for the entry of a temporary restraining order without notice to Defendants as permitted under Rule 65(b) of the Federal Rules of Civil Procedure. Plaintiffs stand ready to provide adequate security in support of their application for a temporary restraining order and preliminary injunction in whatever form and amount the Court deems necessary.

29. Failure to issue a temporary restraining order and a preliminary injunction, will result in immediate and irreparable injury to Plaintiffs in that Plaintiffs would be required to incur substantial legal fees and expenses in defending in the Second Arbitration claims which are barred by *res judicata* and collateral estoppel while simultaneously resisting Plaintiffs' efforts to vacate the Award in the First Arbitration pursuant to the Confirmation Proceeding currently pending in this Court.

30. Plaintiffs are likely to succeed in the Confirmation Proceeding and on the merits of their causes of action asserted herein, which causes of action include a claim for a judgment declaring that the claims asserted by Defendants in the Second Arbitration are barred until the conclusion of the prior pending Confirmation Proceeding and that upon the conclusion of the Confirmation Proceedings those claims asserted by Plaintiffs in the Second Arbitration will be forever barred by *res judicata* and collateral estoppel.

31. The issuance of a temporary restraining order and a preliminary injunction in this matter is not likely to be adverse to any public interest or policy.

32. The request for a temporary restraining order and a preliminary injunction by Plaintiffs is not overly broad nor is it unlimited in time or scope.

## COUNT TWO – DECLARATORY JUDGMENT

33. Plaintiffs incorporate by reference the allegations of paragraphs one through thirty-two as if set forth in their entirety herein.

34. The Award entered in favor of Prudential Securities in the First Arbitration is currently under review by this Court pursuant to the Confirmation Proceeding initiated by Plaintiffs. The Confirmation Proceeding, which has not yet been concluded, constitutes a prior pending action between the parties. Plaintiffs are not permitted to simultaneously pursue materially identical claims in duplicative proceedings in two different forums.

35. Defendants' claims in the Second Arbitration simply constitute an attempt to re-litigate claims asserted by Defendants but rejected by the Panel in the First Arbitration. The Second Arbitration constitutes a blatant and improper attempt by Defendants at a second bite of the apple with respect to claims encompassed within the First Arbitration but which apparently

were not, in Plaintiffs' opinion, sufficiently highlighted by their counsel, the Rose Law Firm, at the arbitration hearing.

36. The claims asserted by the Defendants in the Second Arbitration involve the same transaction or series of transactions upon which Defendants' claims in the First Arbitration were based.

37. Defendants were aware of the Reg T issue in connection with the April 2000 Puts prior to and throughout the First Arbitration and that issue should have been raised in the First Arbitration.

38. The Panel's May 16, 2002 Award in the First Arbitration is a final award binding upon Defendants with respect to all claims arising from or relating to the Prudential Securities' investment advice, margin calls and all other matters pertaining to Prudential Securities' handling of the Investment Account. The Award is a final and binding adjudication subject only to vacation, modification or reversal by a United States District Court in proceedings conducted in accordance with the Federal Arbitration Act.

39. Although Defendants have initiated the Confirmation Proceeding before this Court in hopes of vacating or setting aside the Award, no such relief has been granted to Defendants as of the filing of this Complaint.

40. Defendants' claims in the Second Arbitration are barred by the doctrine of *res judicata* and collateral estoppel.

41. An actual controversy exists between Plaintiffs and Defendants as to whether the Second Arbitration is barred by the doctrine of *res judicata* and collateral estoppel.

42. Plaintiffs will suffer immediate and irreparable injury if they are forced to arbitrate the claims asserted by Defendants in the Second Arbitration. Plaintiffs do not have an adequate remedy at law.

43. Plaintiffs are entitled to a declaration by this Court that Plaintiffs can not proceed with the Second Arbitration while the Confirmation Proceeding remains pending and that the claims asserted by Plaintiffs in the Second Arbitration are barred by *res judicata* and collateral estoppel.

## COUNT THREE – PERMANENT INJUNCTION

44. Plaintiffs incorporate by reference the allegations of paragraphs one through forty-three as if set forth in their entirety herein.

45. Defendants' claims in the Second Arbitration are barred by the doctrine of *res judicata* and collateral estoppel.

46. Plaintiffs will suffer immediate and irreparable injury if they are forced to arbitrate the claims asserted by Defendants in the Second Arbitration.

47. Plaintiffs do not have an adequate remedy at law and injunctive relief is appropriate in this matter.

48. Plaintiffs are entitled to a permanent injunction prohibiting them from pursuing the Second Arbitration and further prohibiting them from initiating any subsequent litigation, arbitration or other proceedings involving claims relating to or arising from the same transactions or series of transactions upon which Defendants' claims in the First Arbitration were based.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiffs request that this Court,

As To Count One:

1. ISSUE a temporary restraining order prohibiting Defendants from arbitrating the claims in the Second Arbitration until such time as the Court has conducted an expedited hearing on Plaintiffs' application for a preliminary injunction.

2. ISSUE a preliminary injunction prohibiting Defendants from arbitrating the claims in the Second Arbitration until such time as the Confirmation Proceedings have been concluded and this Court has determined whether the claims asserted in the Second Arbitration are barred by *res judicata* or collateral estoppel.

2. AWARD Plaintiffs the costs of this action, including their reasonable attorney's fees; and

3. GRANT SUCH OTHER RELIEF as this Court deems just and proper.

As to Count Two:

1. DECLARE that Plaintiffs can not proceed with the Second Arbitration while the Confirmation Proceeding remains pending;

2. DECLARE that the claims asserted by Plaintiffs in the Second Arbitration are barred by *res judicata* and collateral estoppel.

3. AWARD Plaintiffs the costs of this action, including their reasonable attorney's fees; and

4. GRANT SUCH OTHER RELIEF as this Court deems just and proper.

As to Count Three:

1. ISSUE a permanent injunction barring Defendants from pursuing any subsequent litigation, arbitration or other proceedings involving claims relating to or arising from the same transactions or series of transactions upon which Defendants' claims in the First Arbitration were based.

2. AWARD Plaintiffs the costs of this action, including their reasonable attorney's fees; and

3. GRANT SUCH OTHER RELIEF as this Court deems just and proper.

DATED: October 3, 2002

Respectfully submitted,

KUTAK ROCK

By: /s/ *[signature]*
Robert W. George (98134)   Ark Bar # 88158
214 West Dickson Street
Fayetteville, AR 72701-5221
Telephone: (479) 973-4200
Facsimile: (479) 973-0007

Attorney for Plaintiffs

## VERIFICATION

STATE OF NEW YORK

COUNTY OF New York

The undersigned, Lori Vinciguerra, Senior Vice President, Regional Counsel of Prudential Securities Incorporated do hereby state, on oath, that the facts and information set forth above are true and correct to the best of their knowledge, information and belief.

_____
Lori Vinciguerra, Sr. Vice Pres., Regional
Counsel, Prudential Securities Incorporated


SUBSCRIBED AND SWORN to before me, a Notary Public, on this 3rd day of October, 2002.

_____
Notary Public

My commission expires:

3/27/03

10-40352.01                                    13

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

*Exhibits Attached to Original Document in Courts's Case File*